**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000412
31-JUL-2024
06:42 AM
Dkt. 51 SO**

NO. CAAP-20-0000412


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


IN RE ESTATE OF RAYMOND R. CORREIA, ALSO KNOWN AS RAYMOND ROBERT CORREIA AND RAYMOND CORREIA


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1LP191000517)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

This appeal challenges whether the probate court provided sufficient notice of an April 30, 2020 telephonic hearing on a petition, when COVID-19 pandemic stay-at-home orders were in effect.[1] We conclude that sufficient notice was not provided under the circumstances.

---

[1] We take judicial notice of the pertinent COVID-19-related government orders during the relevant period, which include, inter alia, the State of Hawai‘i Judiciary's numerous COVID-19 orders, Governor David Y. Ige's (**Governor**) statewide stay-at-home order, and Mayor Kirk W. Caldwell's (**Mayor**) county-wide stay-at-home order. See Hawaii Rules of Evidence Rule 201.

Respondent-Appellant Barry Correia (**Correia**) appeals from the May 5, 2020 "Order Granting Petition for Probate of Will and Appointment of Personal Representative" (**Order Granting Petition**), and "Judgment on Order Granting Petition for Probate of Will and Appointment of Personal Representative" (**Judgment**), both filed and entered by the Circuit Court of the First Circuit (**Probate Court**).[2]

On appeal, Correia contends the Probate Court erroneously proceeded with a telephonic hearing on April 30, 2020, where Correia's counsel (**Counsel**) believed the hearing had been postponed based on the Judiciary's COVID-19 emergency orders postponing in-person hearings, and where Counsel received insufficient notice from the Probate Court that the April 30, 2020 hearing would proceed as scheduled as a telephonic hearing.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we vacate and remand.

On July 29, 2019, Personal Representative-Appellee Cindy C. Santos (**Santos**) filed her Petition to admit into probate the will of Raymond R. Correia (**Decedent**), shortly after Decedent's death on June 19, 2019.  Decedent's sole beneficiary was his daughter, Santos, and his heirs were his children — — Santos, Correia, and Raymond Robert Correia, Jr.  Correia did not file a response to the Petition.[3]  A hearing on the Petition was set for October 24, 2019.

---

[2]     The Honorable R. Mark Browning presided.

[3]     Correia was required to file a response or objection within 30 days.  See Hawaiʻi Probate Rules (**HPR**) Rule 10(c).  Santos argues that Correia's failure to appear at the April 30, 2020 hearing is "irrelevant" because Correia was "procedurally precluded from objecting to the Petition" due to Correia's "failure to file a written objection or response to the

At the October 24, 2019 hearing, Correia appeared without counsel and requested time to retain an attorney; the hearing was continued to January 30, 2020.  The Probate Court ordered Correia to retain counsel within ten days.

At the January 30, 2020 hearing, Correia appeared with Counsel, who stated he had just been retained and requested a continuance, which the Probate Court granted.  The hearing was set for April 30, 2020.

On February 6, 2020, the Probate Court filed a "Second Amended Order Setting Date, Time and Place of Hearing on the Petition for Probate of Will and Appointment of Personal Representative" (**Order Resetting Hearing**), which reiterated that the hearing on the Petition was continued from January 30, 2020 to "April 30, 2020, at 9:00 a.m. in the courtroom of the Judge who shall be sitting in Probate."  (Emphasis added.)

### COVID-19 Emergency Orders

On March 4, 2020, the Governor issued the first "Emergency Proclamation" related to the growing threat of the COVID-19 virus, declaring a state of emergency pursuant to his statutory authority.  Office of the Governor, State of Hawai'i, EMERGENCY PROCLAMATION, COVID-19, State of Hawai'i, Hawai'i Emergency Management Agency (Mar. 4, 2020), https://dod.hawaii.gov/hiema/emergency-proclamation-covid-19/.

On March 16, 2020 at 2:51 p.m., the first Hawai'i State Judiciary COVID-19 order was issued by Chief Justice Mark E. Recktenwald (**CJ**).  See CJ, In the Matter of the Judiciary's Response to the COVID-19 Outbreak, Hawai'i State Judiciary

---

Petition."  Santos is free to raise this argument before the Probate Court. In this appeal, however, the timeliness (or lack thereof) of such  objection, in our view, is not a basis to deny Correia sufficient notice of the hearing itself, which is required by due process.

(Mar. 16, 2020), https://www.courts.state.hi.us/wp-content/uploads/2020/03/031619_scmf-20-152_In_Re_COVID-19.pdf (last visited July 6, 2022) (**3/16/20 CJ Order**).  The 3/16/20 CJ Order cited the Governor's declaration of a state of emergency due to the COVID-19 threat and the need to take steps "to protect the health and safety of court personnel and users by minimizing the risk of spreading COVID-19 in the courts"; ordered the postponement of "[c]ivil trials and hearings" to a date after April 30, 2020; and conferred discretion to the lower courts to "allow motions to be argued telephonically" in lieu of postponing proceedings, as follows:

> **IT IS HEREBY ORDERED that, with the exception of emergency and time-sensitive matters, in-person appearances for civil, . . . dockets will be limited starting Tuesday March 17, 2020 until Thursday April 30, 2020, unless otherwise ordered. . . .**
>
> 1. Circuit Plans: Each judicial circuit may issue orders and adjust court operations as warranted to address the urgent and rapidly evolving public health conditions, including but not limited to postponement of in-person proceedings; remotely conducting proceedings; adjusting the form, venue, or frequency of proceedings; or otherwise modifying operations.
>
> . . . .
>
> **3. Civil: Civil trials and hearings will be postponed to a date after Thursday April 30, 2020, . . . .**
>
> . . . .
>
> **8. All Proceedings: In lieu of postponing proceedings, courts have the discretion to** convert hearing motions to non-hearing motions or **allow motions to be argued telephonically** or by video conferencing as permitted by court rules. . . .

(Bolding added.)

Later the same day, the First Circuit Court issued a series of five COVID-19 emergency orders for probate, criminal, civil, family, and district court matters.  The Probate Court's emergency order pertinent here, "Emergency Order #1 Re: First

4

Circuit Probate Calendar" (**Probate Court Emergency Order #1**) issued at 4:24 p.m. on March 16, 2020 pursuant to CJ's 3/16/20 Order, "suspended" all in-person hearings and set up a telephonic hearing procedure applying to contested petitions, as follows:

> **Hearings Generally**
>
> **2. All in-person hearings for matters before the Probate Court are suspended as of the date of this Order until further notice**;
>
> 3. Absent a request or need for a telephonic hearing, the Court, . . . shall issue decisions on its own motion via Minute Order for all pending petitions without oral argument;
>
> **4. Matters requiring telephonic hearings include**, but are not limited to, **petitions regarding**:
>
> > **a. Contested matters generally**
> >
> > . . . .
>
> 5. Telephonic hearings in all other matters will be available upon request.
>
> **6. Unless otherwise continued or taken off calendar, telephonic hearings shall be held on their originally scheduled date;**
>
> **Procedure for Telephonic Hearings**
>
> **7. No later than three days before the scheduled hearing date, parties requesting or anticipating a telephonic hearing shall contact the Chambers** of the Third Division via phone at (808) 539-4070 **and provide the following information:**
>
> > a. Case number
> >
> > b. Case name
> >
> > c. Contact information for all parties, including interested persons planning to attend;
>
> 8. The day prior to the hearing, the Court shall contact all parties scheduled to appear by phone and provide them with:
>
> > a. A WebX phone number to dial for the hearing

5

      b. A specific time to dial into the hearing;

      . . . .

Judge R. Mark Browning, <u>Emergency Order #1 Re: First Circuit Probate Calendar</u>, Hawaiʻi State Judiciary (Mar. 16, 2020). Courts.state.hi.us.\wp-content\uploads\2020\03\ Emergency-Order-1-Re-First-Circuit-Probate-Calendar.pdf (bolding omitted and added).

      On March 22 and 23, 2020, the Mayor and the Governor respectively, issued the first "stay-at-home" orders, both effective until April 30, 2020.[4] These stay-at-home orders required all persons to stay at home or at their residence, but allowed narrow travel exceptions for "Essential Businesses" including legal services, "when necessary to assist in compliance with legally mandated activities" in the Mayor's county-wide order, or "to the extent that such businesses or operations cannot be conducted through remote technology from home or place of residence" in the Governor's statewide order.

**April 30, 2020 hearing**

      Between the February 6, 2020 Order Resetting Hearing that reconfirmed the April 30, 2020 in-person hearing "in the courtroom" of the Probate Court, and the April 30, 2020 date itself, the record contains no order, minutes, or notes regarding any notice of any change to the April 30, 2020 in-person, in-the-courtroom hearing.

---

[4] Mayor, <u>STAY AT HOME/WORK FROM HOME ORDER</u>, City and County of Honolulu (Mar. 22, 2020), https://www.honolulu.gov/rep/site/may/may_docs/ Emergency_Order_No._2020-02ProdLinks.pdf; Governor <u>THIRD SUPPLEMENTARY PROCLAMATION</u>, State of Hawaiʻi, Hawaiʻi Emergency Management Agency (Mar. 23, 2020), https://dod.hawaii.gov/hiema/third-supplementary-proclamation-covid19/.

Counsel describes an April 29, 2020 telephone message notification, not disputed by Santos or reflected in any court minutes, from the Probate Court regarding the April 30, 2020 hearing. This telephone message was left on Counsel's office phone and stated "that the hearing on April 30, 2020, would go forward by telephone conference." Counsel was not in the office on April 29, 2020, because Counsel "was doing his best to observe the stay-at-home orders." As a result, Counsel claimed he "did not receive the telephone message that was left on the office's answering machine that day at a little after noon[,]" and "was not aware of that voice message until after the [h]earing."

At the April 30, 2020 hearing, neither Correia nor Counsel appeared by telephone. The Probate Court's April 30, 2020 hearing minutes reflect the judicial notice of all emergency orders in effect, the absence of Correia and Counsel, and the granting of the Petition, as follows:

> Prior to the commencement of the calendar, Court took judicial notice of all the emergency orders that have been issued by both the Executive Branch, the Governor, and the Chief Justice and the Chief Judge.
>
> . . . .
>
> Case called; appearance entered.
>
> Court took judicial notice of the record in this case, specifically the prior hearing that was held. Court noted that [Correia] had appeared with [Counsel] and [Counsel] reportedly stated that he was going to represent [Correia]. Apparently neither of them are present, therefore, the Court will proceed.
>
> In response to Court's query [Santos's Counsel] stated that he had nothing further.
>
> Court granted the petition. The instrument dated 8/23/2016 is admitted to probate as the Last Will and Testament of the decedent. . . .

7

(Emphasis added.)  The Order Granting Petition and Judgment were both filed and entered on May 5, 2020.

On May 22, 2020, Correia filed a HPR Rule 36(b)[5] motion for reconsideration that raised the same arguments he makes on appeal.

On June 3, 2020, Correia timely appealed the May 5, 2020 Order Granting Petition and Judgment.[6]

**Insufficient notice was provided for the April 30, 2020 hearing under these circumstances.**

We review de novo Correia's procedural due process claim of insufficient notice of the hearing.  See Bank of Haw. v. Kunimoto, 91 Hawaiʻi 372, 387, 984 P.2d 1198, 1213 (1999) ("Hawaiʻi appellate courts review questions of constitutional law, *e.g.,* questions regarding procedural due process, *de novo,* under the right/wrong standard." (citations omitted)). The "basic elements" of due process "are notice and an opportunity to be heard at a meaningful time and in a meaningful manner."  Davis v. Bissen, 154 Hawaiʻi 68, 82, 545 P.3d 557, 571 (2024) (citation omitted).  Notice should be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an

---

5       HPR Rule 36(b) provides for post-judgment relief similar to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b), on grounds of "mistake, inadvertence, surprise, or excusable neglect[.]"

6       Correia claims that the Probate Court "ignored" the May 22, 2020 motion for reconsideration, but the Probate Court lost jurisdiction to rule on the motion thirteen days after the motion was filed, when Correia filed his June 3, 2020 Notice of Appeal.  See TSA Int'l Ltd. v. Shimizu Corp., 92 Hawaiʻi 243, 265, 990 P.2d 713, 735 (1999) ("Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." (citations omitted)); Matter of Guardianship of Zedalis, Nos. CAAP-18-0000040, CAAP-18-0000041, 2023 WL 5276220, at *4-5 (Haw. App. Aug. 16, 2023) (SDO) (concluding that a post-judgment motion under HPR Rule 36 is not a tolling motion extending the time to appeal under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3)).

opportunity" to be heard and "present their objections." Minton v. Quintal, 131 Hawai‘i 167, 189, 317 P.3d 1, 23 (2013) (citation omitted).

Correia argues that Counsel was under the mistaken belief that the in-person hearing was continued due to the various emergency orders:  "It is undisputed that Counsel for Correia operated under the mis-impression, since March 16, 2020, that the April 30, 2020 hearing had been continued, through various emergency orders, until some time after the end of April 2020, and then, after the month of May 2020."

Under the circumstances here, Counsel did not receive sufficient notice that the April 30, 2020 in-person hearing was **not postponed or suspended**, in the face of multiple emergency orders that appeared to indicate such.  The initial 3/16/20 CJ Order stated unequivocally that "[c]ivil trial and hearings" were "postponed to a date after Thursday April 30, 2020," yet contained an exception in the latter part of the order, that the lower courts had discretion to "allow motions to be argued telephonically."  This meant that unless a lower court stated otherwise, all civil hearings were subject to blanket postponement under the 3/16/20 CJ Order, to a date after April 30, 2020.  The Probate Court Emergency Order #1 reconfirmed the postponement by stating:  "[a]ll in-person hearings" are "suspended . . . until further notice[.]"  In light of these orders, the record does not reflect sufficient notice to Correia and Counsel that the in-person hearing of April 30, 2020 was **not** "postponed" or "suspended."  See Minton, 131 Hawai‘i at 189, 317 P.3d at 23 (citation omitted).

Counsel also argues that the Probate Court's single telephonic notification on his office phone the day before the

9

hearing, when stay-at-home orders were in effect, was not reasonable or sufficient under the circumstances:

> It is undisputed that the trial court in this instance left one un-responded to telephone message, less than twenty-four hours before the hearing, on an office answering machine during a period of stay-at-home orders.
>
> . . . .
>
> During an unprecedented global pandemic, and within the context of governmental stay-at-home orders, it was not reasonable to notify counsel for Correia through one voice mail on the afternoon prior to the hearing, when the voice mail was not responded to – because it was not received due to compliance with the stay-at-home order.

This argument is persuasive.

Here, there is nothing in the record showing that the "Procedure for Telephonic Hearings" (**Telephonic Hearings Procedure**) was implemented for the April 30, 2020 hearing. The record does not reflect whether the parties were "requesting or anticipating a telephonic hearing" "[n]o later than three days before" the April 30, 2020 hearing date pursuant to the Telephonic Hearings Procedure. There is nothing in the record indicating how the in-person, in-the-courtroom hearing for April 30, 2020 was converted into a telephonic hearing on the same date. The only evidence that the Telephonic Hearings Procedure may have been implemented, was not in the Probate Court record, but rather came from Counsel's representation that the Probate Court gave telephonic notice the day before the hearing, that the hearing would proceed as a telephonic hearing. A single telephonic notification the day before the hearing, when it was unclear whether the Telephonic Hearings Procedure was implemented, was insufficient. That the single telephonic notification was to an office telephone voicemail during a period of COVID-19 stay-at-home orders, was also not reasonable. See Minton, 131 Hawaiʻi at 189, 317 P.3d at 23.

10

We conclude that under the circumstances of this case, Correia received insufficient notice of the April 30, 2020 telephonic hearing, which violated due process.  See Davis, 154 Hawaiʻi at 82, 571 P.3d at 569; Kunimoto, 91 Hawaiʻi at 387, 984 P.2d at 1213.

For the foregoing reasons, the May 5, 2020 "Order Granting Petition for Probate of Will and Appointment of Personal Representative," and "Judgment on Order Granting Petition for Probate of Will and Appointment of Personal Representative," both filed and entered by the Circuit Court of the First Circuit, are vacated.  We remand for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, July 31, 2024.

On the briefs:

Carl H. Osaki
for Heir-Appellant

Linda Strandtman
for Personal Representative-
Appellee

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge